IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   CRIMINAL ACTION 09-00066-KD-C |
| | ) |
| LEONARDO CARSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motion for early termination of supervised release filed by Leonardo Carson and the United States' response in opposition (docs. 138, 140). Upon consideration, and for the reasons set forth herein, the Motion is denied.[1]  However, the Court would consider another motion for early termination after Carson completes another year of his supervised release term, should he choose to refile his motion at that time.

Carson was indicted and charged with the offenses of conspiracy to possess with intent to distribute cocaine (Count One), conspiracy to possess with intent to distribute cocaine base (Count Two), possess with intent to distribute marijuana (Count Three), possess with intent to distribute cocaine (Count Four), and conspiracy to possess with intent to distribute marijuana (Count Five) (doc. 41).  He was tried and convicted of Counts One, Two, Four, and Five.  A total sentence of 121 months with five years of supervised release was imposed (docs. 96, 97).  Carson was released on October 13, 2017 and has served three years of his term of supervision.

---

[1] No evidentiary hearing is necessary. United States v. Reagan, 162 Fed. Appx. 912, 913 (11th Cir. 2006) ("A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion."); United States v. Smith, No. 3:88-CR-215-J-12, 2010 WL 716495, at *2 (M.D. Fla. Feb. 25, 2010) (same) (citing United States v. Reagan, 162 Fed. Appx. at 913).

Carson moves the Court to exercise its discretionary authority under 18 U.S.C. § 3583(e)(1) and grant his motion for early termination of supervision.  In support, Carson provides information regarding his participation in mentoring programs, coaching youth football and other football related activities, and artistic accomplishments. He also provides character letters and information regarding his current income (doc. 138, p. 3-9).

The United State opposes the motion. The United States argues that information received from the U.S. Probation Office indicates that Carson remains in need of supervision (doc. 140). The Court has reviewed the report from Carson's supervising Probation Officer.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  To reach a decision, the Court has considered the "nature and circumstances" of Carson's offenses and his "history and characteristics" 18 U.S.C. § 3553(a)(1). The Court also considered the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", to "afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

Upon consideration, the Court finds that early termination would not serve the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to "protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(2)(B) & (C). The Court commends Carson for his community service and artistic accomplishments since release from prison. However, the relevant factors discussed herein weigh in favor of denying his

motion for early termination.  Accordingly, the Court is not satisfied that early termination is warranted at this time. 18 U.S.C. § 3583(e)(1).

The Clerk is directed to mail a copy of this Order to Carson.

**DONE** and **ORDERED** this the 13th day of October 2020.


<u>**/s / Kristi K. DuBose**</u>
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**